(14 Misc. Rep. 7.)

ZEIMER v. STEARNS et al.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

REMOVAL OF ACTION—REFUSAL OF APPLICATION—REVIEW.

Under Code Civ. Proc. § 3216, providing that under certain circumstances an action may be removed from a district court to the court of common pleas, application being made after issue, error cannot be predicated of a refusal, though the ground assigned for the refusal is untenable, where it does not appear when application was made.

Appeal from Ninth district court.

Action by Henry Zeimer against Herman Stearns and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry Manne, for appellants.
Herman Fox, for respondent.

BISCHOFF, J. In this action plaintiff claimed and recovered the sum of $100 as compensation under a contract whereby, for such consideration, he had agreed to obtain a lease of a certain portion of a store for the defendants. The evidence which appears in support of the judgment establishes the fact that the contract in question had actually been entered into, and that there had been due performance upon the plaintiff's part. It was also shown that the defendants had refused the plaintiff's demand for payment under the agreement. Upon the mere conflict of evidence presented by the defendants' denial of the plaintiff's testimony the jury's verdict must conclude under the well-settled rule, and the record would not justify our holding that the defendants were prejudiced by the determination reached upon the facts. By stipulation of counsel we are advised that the justice, after having heard the evidence adduced, and within eight days following the termination of a former trial of the action, ordered a trial before a jury, the record of which is the one submitted to us. Appellants' contention that the justice's direction of the jury trial was unwarranted must be due to some oversight. Section 1372 of the consolidation act (chapter 410, Laws 1882, as amended by chapter 378, Laws 1891) expressly authorizes the practice followed by the court below. We are further advised by the stipulation that the justice refused an ap-

plication on the defendants' part for removal of the cause to the court of common pleas for trial, and that the ground of such refusal was that the damages claimed did not exceed $100, the plaintiff's claim being for $100, "with interest." The stipulation and the record, however, are silent with reference to everything tending to show that the application was made after issue was joined, as required by the Code of Civil Procedure (section 3216) and section 1287 of the consolidation act (chapter 410, Laws 1882). Hence, assuming that the ground assigned for the justice's refusal was error, we are without facts from which to conclude that the application for such removal should have been granted, and so that the error was prejudicial to the defendants.

Judgment affirmed, with costs.